United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-60088
Summary Calendar

JONATHAN P. NEW; ROBERT E. STROUPE, II;
MICHAEL P. TROUARD; SCOTT M. WALLE;
BROCK L. WHITSON,

Plaintiffs-Appellants,

versus

HORACE FLEMING, et al.,

Defendants,

CECIL WILSON, Chief, University Police Department, In his
Official and Individual Capacities; RANDY JOHNSON, in his
Official and Individual Capacities; JOHN SMITH, in his
Official and Individual Capacities; CONNIE PITTMAN, in her
Official and Individual Capacities,

Defendants-Appellees.

Appeal from the United States District Court for
the Southern District of Mississippi, Hattiesburg
(USDC No. 2:00-CV-94)

Before REAVLEY, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Fraternity brothers (the "fraternity plaintiffs"), who were arrested for alleged sexual battery and whose residences were searched, appeal the summary judgment dismissal of their claims against University of Southern Mississippi ("USM") police and a state narcotics officer for unlawful arrest, unlawful detention, unlawful search and seizure, defamation, and infliction of emotional distress claims under 42 U.S.C. § 1983 and Mississippi state law. Reviewing the record de novo and applying the same standards as the district court, we affirm the judgment of the district court as to all appellees with respect to the fraternity plaintiffs' claims of defamation and intentional infliction of emotional distress, and as to all appellees except Mississippi Bureau of Narcotics officer Randy Johnson with respect to fraternity plaintiffs' remaining claims.

1. We agree with the district court that the fraternity plaintiffs failed to provide sufficient evidence to establish the existence of all essential elements of their claims of defamation and intentional infliction of emotional distress. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

2. Underpinning the remaining claims is the issue of whether probable cause existed at the time of the arrest and procurement of the search warrant. If

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

probable cause existed, the university and state officers are entitled to qualified immunity for their actions and summary judgment in their favor was proper. In reviewing the issue of probable cause with respect to the issue of qualified immunity, we must determine whether the facts, viewed in the light most favorable to the fraternity plaintiffs, support a finding that a reasonable officer could have believed probable cause existed to arrest the plaintiffs on charges of sexual battery and search their residences for evidence thereof.[1] Mendenhall v. Riser, 213 F.3d 226, 230-31 (5th Cir. 2000). We have recognized that this is a practical, common-sense determination as to whether given all of the circumstances, a reasonable officer could have believed there is a fair probability that the plaintiffs committed the crime charged. Id. A qualified immunity defense cannot succeed where it is obvious that a reasonably competent officer would find no probable cause. Id.

3. We find that, with respect to Randy Johnson, enough material issues of fact

---

[1] The fraternity plaintiffs raised Mississippi state law claims for unlawful arrest, detention, search, and seizure parallel to their section 1983 claims for the same offenses. The Mississippi Tort Claims Act confers immunity to protect law enforcement personnel from lawsuits arising out of performance of their duties in law enforcement. Maldonado v. Kelly, 768 So.2d 906, 909 (Miss. 2000). Only when the officer's actions rise to the level of reckless disregard of the rights of others is the immunity to which he is entitled lost. Id. at 909, 911 (defining reckless disregard as wantonness — "a failure or refusal to exercise any care").

exist regarding probable cause such that genuine factual dispute remains as to whether he is entitled to qualified immunity. Through an anonymous tip, a circumstantial statement from the alleged victim,[2] and information gathered by the director of Greek life at USM, the university police identified the plaintiffs as fraternity members who were possibly involved in a sexual incident, which probably involved alcohol, speculatively involved drugs, and might have been photographed. Randy Johnson presented the suspects' names to two confidential informants. Johnson reported to university police chief, Cecil Wilson, that the informants confirmed a sexual battery had occurred at the fraternity house and that all of the fraternity plaintiffs had participated in the crime. Johnson told Chief Wilson that he had used the informants, sons of a local sheriff known to Wilson and members of the fraternity, before in previous drug investigations and had confidence in them. Johnson confirmed that he had known the confidential informants for several years and that they had provided reliable information on a number of occasions.

However, the two informants provided affidavit testimony that denies providing any information about the battery incident to Johnson.

---

[2] The alleged victim passed out prior to the occurrence of any alleged criminal sexual contact. She stated that she woke up at home after an evening at the fraternity house with soreness in her "private parts" and a torn dress strap.

The men also aver that, while they have known Johnson socially for some time, they have never been informants for him. Further, while Johnson identified his informants to Chief Wilson, he refused to name them in this lawsuit until compelled to do so by the court. At that point, he averred that he could not actually name his informants except to say that they were two of three identical triplets, whom he could not tell apart. We note that, even if all of Johnson's testimony on the informant issue is true, since Johnson could not tell one triplet from the others, it is difficult to discern how he could have known whether he had used those two or even one of the two as confidential drug informants in the past. That being the case, questions remain as to how he could have known whether the specific triplet to whom he was talking was reliable.

The inquiry into the veracity of Johnson's testimony is an important one. The requirement that a warrantless arrest and procurement of a warrant for search be predicated on probable cause would be reduced to a nullity if a law enforcement officer was able to use deliberately falsified allegations to demonstrate probable cause. Franks v. Delaware, 438 U.S. 154, 168, 98 S. Ct. 2674, 2682 (1978). If Johnson acted with such disregard of the fraternity plaintiffs' clearly established constitutional rights that his actions cannot be reasonably be characterized as being in good faith, he is not entitled to qualified immunity as to the section 1983 claims.

5

Rodriguez v. Ritchey, 539 F.2d 394, 402 (5th Cir. 1976). If Johnson intentionally acted in reckless disregard of the adverse effect of the wrongful arrest, search, and seizure on the fraternity plaintiffs, state law immunity also does not shield him. Foster v. Noel, 715 So.2d 174, 179 (Miss. 1998). Factual disputes remain as to whether Johnson acted in disregard or in good faith as a reasonably competent officer in the determination of probable cause. On this record, the case against him should not have been dismissed on summary judgment, for reasonable minds could differ on his entitlement to a qualified immunity defense.

We are not persuaded by Johnson's argument that he is entitled to summary judgment because of his limited involvement as an investigating officer. We have recognized that investigating officers may be subject to liability for unlawful arrest even where they did not participate in the actual arrest. Rodriguez, 539 F.2d at 400. The record reflects that Johnson played a major role in investigating the incident and actively participated in the decision making process regarding the arrest. In addition to supplying the most damning information against the fraternity plaintiffs, Johnson was involved in the questioning of at least some of the plaintiffs at the police department prior to the arrest and participated in the meeting at which the determination of whether there was probable cause to arrest was made.

We likewise disagree that Johnson is absolved because his input was

6

inconsequential to the final determination to arrest, detain, and search. All of the university officers involved in the arrest cite to the information that Johnson said he obtained from his confidential informants as one of the bases for probable cause. Based on the substance of the information provided from all of the sources relied upon by the university officers and Johnson in determining probable cause, it is clear that the information received from Johnson was the balance-tipping factor. Only after the informants' corroboration were the university officers satisfied they had correctly identified the proper suspects and that they had probable cause to proceed with their arrest and the search of their residences.

With respect to the university officers, we find that the long professional and personal relationship between Chief Wilson and agent Randy Johnson, coupled with Johnson's status as a veteran member of the state narcotics board and an adjunct professor at USM, justified Wilson's reliance upon the truth and veracity of the corroborating information Johnson supplied. Chief Wilson made specific inquiry about Johnson's information, including whether he had used these confidential informants before and relied upon them, and was assured by Johnson that he had. Wilson personally knew the two men Johnson named to him and their family.

Based upon Wilson's knowledge of the informants and their reputations, he was justifiably satisfied that they would provide reliable

information, without making an extended independent examination.  Under the circumstances of this case, there is no reason why the university police could not "rely without investigation on information" provided by Randy Johnson.  Hart v. Obrien, 127 F.3d 424, 443 (5th Cir. 1997) (holding that a reasonably competent officer might rely without investigation on information from a trustworthy source) abrogated on other grounds as recognized by Spivey v. Robertson, 197 F.3d 772, 775 (5th Cir. 1999) (citing Kalina v. Fletcher, 522 U.S. 118, 118 S. Ct. 102 (1997)).

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.